UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES R. LOONEY and DONNA L.
LOONEY,

     Plaintiffs,

v.                               Case No: 2:18-cv-303-FtM-99CM

BANK OF AMERICA HOME LOANS,
NATIONSTAR MORTGAGE,
WILMINGTON TRUST N.A., as
successor trustee to
Citibank N.A. as trustee for
Bear Stearns Atl-A trust
mortgage pass through
certificates series 2006-7,
and AMERICAN SECURITY
INSURANCE COMPANY,

     Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Motions to Dismiss filed by defendants Bank of America Homes Loans (Doc. #28), Nationstar Mortgage and Wilmington Trust N.A. (Doc. #31), and American Security Insurance Company (Doc. #36). Plaintiffs filed a Response in Opposition (Doc. #39). For the reasons set forth below, the Amended Complaint (Doc. #25) is dismissed as a shotgun pleading with leave to amend.

**I.**

On June 27, 2018, plaintiffs *pro se* James R. and Donna L. Looney filed an eleven-count Amended Complaint (Doc. #25) alleging

counts for: (1, 2) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S. Code §§ 1961, et seq. (RICO) against Wilmington and Nationstar; (3) violation of 15 U.S.C. § 1641(g) of the Truth in Lending Act (TILA) against Wilmington; (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (FDCPA), against Nationstar; (5) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, et seq. (FDUTPA), against Nationstar; (6) wrongful acceleration against Wilmington; (7) breach of fiduciary duty against Nationstar; (8) violation of Florida insurance law against Nationstar; (9) declaratory judgment against Countrywide, Nationstar, and Wilmington Trust; (10) infliction of emotional harm against Nationstar and Wilmington; and (11) fraud against Bank of America.

Although difficult to decipher, the allegations relate to plaintiffs' property located at 592 Tripoli Court, Marco Island, Florida. The claims allegedly derive from a certificate, issued by American Security at the direction of plaintiffs' lender, Nationstar, insuring the property which secured the obligations under a loan owned by Nationstar. Plaintiffs state that this is "a textbook case of the defendants, in a series of actions, using forged or altered documents to cover up their own misdeeds defrauding the plaintiffs of hundreds of thousands of dollars. (Doc. #25, p. 1.) Plaintiffs seek a declaration from the Court

to determine "who owned their mortgage between July of 2013 and the current date so they can be certain they paid the right party." (Id. at 11.) Defendants move to dismiss, in part, because the Amended Complaint is a shotgun pleading.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

### III.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland

v. Palm Beach Cnty. Sheriff's Ofc., 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[1] Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of America, --- F.3d ---, 2018 WL 3673002, *5-6 (11th Cir. Aug. 3, 2018) (detailing the "unacceptable consequences of shotgun pleading"). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the

---

[1] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in Weiland are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1322-23.

case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Defendants assert that the Amended Complaint is a shotgun pleading because the allegations are not sequentially numbered, fail to set forth concise statements of the facts and are vague and internally contradictory. In addition, plaintiffs failed to attach the subject insuring agreement upon which their claims are based. The Court agrees.

Plaintiffs' Amended Complaint is a quintessential shotgun pleading. It fails to state the allegations in numbered paragraphs, and spans thirteen single-spaced pages with no top or bottom margins and references documents that are not attached to the Amended Complaint. The Amended Complaint is also disjointed, narrative, and full of allegations that would seem to have little relevance to plaintiffs' claims. Further, each count adopts the allegations of all preceding paragraphs causing each successive count to carry all that came before and the last count to be a combination of the entire complaint in violation of Federal Rule 8(a). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations

and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Doing so makes it nearly impossible for defendants and the Court to determine which factual allegations give rise to which claims for relief.

At this point, the Court finds that pleading incomprehensible but will allow plaintiffs the opportunity to amend. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson, 2018 WL 3673002, *6 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). However, if the Second Amended Complaint is a shotgun pleading, the Court has authority to dismiss it *on that basis alone*. See, e.g., Weiland, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

The Court will therefore dismiss the Amended Complaint with leave to amend. The Court will otherwise deny the Motions, with leave to refile similar motions, if appropriate, after a Second Amended Complaint is filed. After an opportunity to amend, if the Amended Complaint remains an incomprehensible shotgun pleading, a

court may dismiss the case with prejudice without reviewing the case on the merits. Jackson, 2018 WL 3673002, *6-7.

For additional resources and assistance, plaintiffs may wish to consult the "Proceeding Without a Lawyer" resources on filing *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help plaintiffs generate the Second Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motions to Dismiss (Docs. ##28, 31, 36) are **GRANTED in part** to the extent they seek dismissal of the Amended Complaint as a shotgun pleading. The Motions are otherwise **DENIED.**

2. The Amended Complaint (Doc. #25) is dismissed without prejudice to filing a Second Amended Complaint within **fourteen (14) days** of the date of this Opinion and Order**. The failure to file a Second Amended Complaint will result in the closure of the case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiffs
Counsel of Record